

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2002

# Cat Internet Ser v. Providence

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Cat Internet Ser v. Providence" (2002). *2002 Decisions*. Paper 744.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/744

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 01-4166


CAT INTERNET SERVICES, INC.;
INTERNET SUPPLY, INC.

Appellees

v.

PROVIDENCE WASHINGTON INSURANCE CO.;
YORK INSURANCE COMPANY,

Appellants


On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: Honorable Anita B. Brody
(D.C. Civil No. 00-CV-3238)


Argued October 29, 2002

Before: SLOVITER, FUENTES, Circuit Judges, and DEBEVOISE,
Senior District Judge


(Opinion filed: November 18, 2002)


Appearances:

Michael F. Aylward, Esq. (Argued)
Morrison, Mahoney and Miller
250 Summer Street
Boston, MA 02210-1181

Eugene J. Maginnis, Jr., Esq.
Dugan, Brinkmann, Maginnis and Pace
Suite 1400
1880 John F. Kennedy Boulevard
Philadelphia, PA 19103
     Attorneys for Appellants

Stephen Levin, Esq. (Argued)
81 Big Oak Road, Suite 100

Morrisville, PA 19607
     Attorney for Appellees

Laura A. Foggan, Esq.
John C. Yang, Esq.
Seth J. Blonder, Esq.
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C.  20006
     Attorney for Amicus Curiae
     Complex Insurance Claims Litigation Association

OPINION

DEBEVOISE, Senior District Judge

Appellants, Providence Washington Insurance Company ("Providence Washington") and York Insurance Company ("York") (collectively "Providence") appeal from the District Court's order granting summary judgment in favor of appellees on their claim that the advertising injury provisions of Providence's standard commercial liability policy entitled them to coverage in a Tennessee lawsuit in which appellees were named as defendants.  We agree with the District Court and will affirm.

I.  Facts and Procedural History

In February 2000 Magazines.com Inc. (the "Tennessee Plaintiff"), sued appellees, CAT Internet Services, Inc. ("CAT") and Internet Supply, Inc. ("INS"), charging that through the use of CAT's and INS's Internet domain name, Magazine.com, CAT and INS infringed the Tennessee Plaintiff's name and trademark Magazines.com for the purpose and with the effect of diverting sales of magazines and other products to their own affiliates, some of which were competitors of the Tennessee Plaintiff.  The complaint in the Tennessee action charged statutory and common law trademark and trade name infringement as well as injury to business reputation and common law unfair competition.

After notice of the Tennessee Plaintiff's suit, CAT's and INS's insurers, Providence Washington and York, declined to undertake their defense under the advertising injury provisions of their standard commercial liability policy.  The pertinent provisions of the policy provided:
     1.  Business Liability
          a.   We will pay those sums that the insured becomes legally obligated to
               pay as damages because of "bodily injury", "property damage",
               "personal injury" or "advertising injury" to which this insurance
               applies . . .

          b.   This insurance applies to:

               (2) "advertising injury" caused by an offense committed in the course
               of advertising your goods, products or services . . .

     "Advertising injury" was defined in the policy as:

          "Advertising injury" means injury arising out of one or more of the
          following offenses:

          a.   Oral or written publication of material that slanders or libels a person or

organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication of material that violates a person's right of privacy;

c. Misappropriation of advertising ideas or style of doing business; or

d. Infringement of copyright title or slogan.

Following Providence's refusal to accept coverage for the Tennessee Plaintiff's claims, CAT and INS commenced an action for declaratory relief and damages in the District Court. The parties filed cross-motions for summary judgment. The District Court granted CAT's and INS's motion, ruling that Providence Washington and York had a duty to defend the Tennessee litigation. This appeal followed.

## II. The District Court Opinion

Applying Pennsylvania law to the coverage issue, the District Court noted that the insurer's "duty to defend is broader than the duty to indemnify, because a duty to defend arises 'whenever an underlying complaint may "potentially" come within the insurance coverage.' Frog, Switch [& Manufacturing Co., Inc. v. Travelers Insurance Company, 193 F.3d 742, 746 (3d Cir. 1999)]. . . If a single allegation of a complaint is potentially covered by a policy, an insurer has an obligation to defend its insured against all claims until there is no possibility of recovery for a covered claim." (Slip. Op. at 7).

Addressing the question whether the complaint in the Tennessee litigation alleged an "advertising injury" within the meaning of the policy, the District Court held that it did. It concluded that under Pennsylvania law the advertising injury provisions cover trademark infringement as a "misappropriation of an advertising idea or style of doing business," a view with which our court has in dicta suggested agreement. Frog, Switch, (Slip. Op. at 8,9).

Distinguishing Sorbee International Ltd. v. Chubb Custom Insurance Co., 735 A. 2d 712 (Pa. Super. 1999), the District Court found that "the allegations of the Tennessee Complaint . . . do allege trademark infringement that is a 'misappropriation of an advertising idea or style of doing business'" (Slip. Op. at 10), thus asserting an "advertising injury" that triggered Providence's obligation to defend under the policy.

## III. Jurisdiction and Standard of Review

The District Court had diversity jurisdiction pursuant to 28 U.S.C. 1332(a)(1). We have jurisdiction under 28 U.S.C. 1291, as this is an appeal from a final judgment of the District Court. We review the District Court's grant of summary judgment de novo. Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 566 n.3 (3d Cir. 2002). Summary judgment was proper if, viewing the record in the light most favorable to Providence, there is no genuine issue of material fact and CAT and INS are entitled to judgment as a matter of law. The parties agree that there is no genuine issue of fact on the policy coverage issue.

## IV. Discussion

Providence urges that the District Court misinterpreted dicta in this court's holding in Frog, Switch and ignored the Pennsylvania Superior Court's holding in Sorbee International and thus erred in holding that a trademark infringement dispute involving competing Internet domain sites sought recovery for "misappropriation of an advertising idea or style of doing business." At oral argument Providence's counsel advanced the position that listing a domain site name such as "magazine" is not "advertising" within the meaning of the policy as it was not part of a marketing campaign to sell CAT's or INS's products to the consuming public. It would follow, according to Providence, that misuse of the domain name as charged in the Tennessee litigation did not cause an "advertising injury."

In Frog, Switch insurance carriers that had issued policies covering "advertising injury" were asked to defend a claim for theft of trade secrets, unfair competition and reverse passing off. We held that "[t]he allegation that Frog engaged in unfair competition by misappropriating trade secrets relating to the manufacture of a product line does not allege misappropriation of advertising ideas or styles of doing business as

such." 193 F.3d at 748. However, in dicta we suggested disagreement with the Sixth Circuit Court of Appeals which had held that trademark infringement was not covered by the standard policy because there was no specific references to trademark infringement in the policy (as distinguished from specific references to copyright infringement). Advance Watch Co., Ltd. v. Kemper National Insurance Co., 99 F.3d 795 (6th Cir. 1996).

Sorbee International, dealing with the same policy language, did not address appropriation of an advertising idea. Rather the claim for which the insured demanded a defense was for misleading factual representations about the nature and characteristics of the insured's product and violation of FDA policies and regulations.

After reviewing the record, the briefs and applicable Pennsylvania law, we conclude that Providence adopts an excessively narrow interpretation of the policy language. For substantially the same reasons set forth in the District Court's opinion we conclude that CAT and INS established that at least one allegation in the Tennessee complaint potentially fell within the policy's advertising injury coverage, triggering Providence's duty to defend.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.


/s/ Dickinson R. Debevoise
Senior District Judg